**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **Criminal No. 1:21cr260-6 (LMB)** |
| | ) | |
| CARLOS JOSE TURCIOS VILLATORO, | ) | |
| | ) | |
| *Defendant*. | ) | |

**Defendant Villatoro's Objections to Government Proposed Protective Order**

Mr. Villatoro is charged with committing two homicides that carry mandatory life sentences if convicted. The government proposes to limit Mr. Villatoro's access to discoverable material, and use of discoverable materials in public filings, through a prohibitive "umbrella" protective order that infringes on his ability to review materials, provide meaningful assistance regarding the review of the materials, and share materials with witnesses, as well as precluding the use of such materials in publicly filed documents. *See* Gov't Motion, ECF No. 117, at 2. The protective order further complicates the review of discoverable evidence based on the language barrier between counsel and his client, who is Spanish-speaking. Mr. Villatoro is incarcerated and housed at a facility (Northern Neck Regional Jail) some distance from both of his counsel. More open access to, and sharing of, materials impacted by this protective order is requested to allow for greater access to discoverable materials by Mr. Villatoro.

The matter of protective orders is governed by Rule 16(d)(1) of the Federal Rules of Criminal Procedure. Under the Rule, a movant must show "good cause" to justify the granting of such an order. A protective order under Rule 16 (d) should not override a defendant's right to a fair trial, *United States v. O'Keefe*, Criminal No. 06-0249 (PLF), 2007 WL 1239204, at

*2 (D.D.C. Apr. 27, 2007), which includes the right to assist and participate meaningfully in the defense, *see Faretta v. California*, 422 U.S. 806, 819 (1975).

This Court should be cognizant of the fact that any and all discovery provided to counsel under this proposed order can only be shared with our client in person, allowing the review of the discovery only while present with the client. All materials must then be removed from the presence of the client upon leaving the jail. Under the circumstances of this case, the language barrier between counsel and the client requires that an interpreter be present at every visit. In other cases, discovery can be left with the client for review outside the presence of the attorney. And in cases with a language barrier, the discovery can be translated and left with the client. The additional step of securing the services of an interpreter for every meeting makes the burdens of the proposed umbrella protective order even greater on the discovery review process. The client's ability to aid his counsel in his defense is significantly undermined by his lack of ready access to the discovery materials.

Not only does this proposed order inhibit the flow of information between counsel and client, but is also impacts the defendant's ability to promptly prepare timely pleadings and other filings, especially if the government restricts all of the materials provided under its protective order. In the likely event that counsel will need to append discoverable materials to motions filed, counsel will need to separately file every pleading under seal, and provide significant redactions to pleadings, to comply with the restrictive components of the protective order.  The order further precludes the review of this information with witnesses.

Another concern raised with this umbrella protective order is that the government asks the Court to place the burden on Mr. Villatoro to "challenge whether particular documents should be kept confidential" after the umbrella order is imposed. Gov't Motion at 2. The

government has failed to make a sufficient showing of danger to witnesses to justify the blanket

protection it seeks. And it is the government's burden under Rule 16 to demonstrate good cause

for the granting of such protection. It should be the government's burden to demonstrate to the

Court whether good cause exists for the protection of particular documents as well. Requiring the

defendant to identify the documents that should ***not*** be subject to protection places on him an

improper and unfair burden, especially considering that the case involves such a large volume of

discovery.

In addressing "protective action" taken by a district court to protect witnesses in an MS-

13 case, the Fourth Circuit in *United States v. Ramos-Cruz*, 667 F.3d 487, 501 (4th Cir. 2012)

held that "a generalized statement would be insufficient to show that a threat against a witness

was 'actual and not a result of conjecture,'" citing to *United States v.  Palermo,* 410 F.2d 468,

472 (7th Cir. 1969).  In *Ramos-Cruz*, the witnesses "specifically explained the heightened level of

danger to which El Salvadorians who testify against MS–13 in U.S. courts are subject."  667

F.3d at 501. No such specific showing has been made here; the level of specificity is insufficient

to justify a protective order of this magnitude. *See also United States v. Padilla-Galarza*, 990

F.3d 60, 77-78 (1st Cir. 2021) (citing to the Fourth Circuit's findings in *Ramoz-Cruz* for the

proposition that the "heightened threat" had to be sufficiently "specific to sustain protective

order").

Only in cases of "unusual scope and complexity" may the broad protection of a blanket

protective order be provided, absent "a showing of good cause for confidentiality as to any

individual documents." *See United States v. Bulger,* 283 F.R.D. 46, 52–53 (D. Mass. 2012); *see

also In re Terrorist Attacks on Sept. 11, 2001,* 454 F.Supp.2d 220, 222 (S.D.N.Y. 2006) ("In

cases of unusual scope and complexity ... broad protection during the pretrial stages of litigation

may be warranted without a highly particularized finding of good cause."). Through its request for a protective order, the government suggests that there is a presumption that an umbrella protective order is appropriate in certain classes of cases without demonstrating good cause for the relief it seeks. Gov't Motion at 2 ("[a]n umbrella protective order protects 'all documents produced by [the government], without a showing of good cause for confidentiality as to any individual documents.'"). Courts should not be cavalier in granting such relief; findings specific to the relief sought, and the particular documents to be protected, should be required. This case has not been shown to be of the complexity and scope to require blanket protection.

If the Court elects to grant the protective order to allow for immediate disclosure of voluminous discovery, Mr. Villatoro asks that the Court order that the government be required, within a reasonable period of time, to identify the non-sensitive documents for release from the order. If the defendant seeks to challenge the confidentiality of additional documents under the protective order, the defendant should be free to make such a request and the government should still bear the responsibility of demonstrating good cause for the protection of those documents. The finding of good cause "must be based on a particular factual demonstration of potential harm, not on conclusory statements." *Anderson v. Cryovac, Inc.*, 805 F.2d 1, 7 (1st Cir. 1986); *United States v. Padilla-Galarza*, 990 F.3d 60, 77 (1st Cir. 2021).

Additionally, rather than precluding the defendant from possessing all of the materials outside the presence of counsel, the government can redact sensitive information, as has been the practice with other protective orders in MS-13 cases in this Division involving voluminous discovery. *See United States v. Rivera-Pineda*, 1:19cr225 (CMH), ECF No. 32, ¶ 2 ("the government has already began producing redacted discovery"); *United States v. Zelaya-Veliz*, Case No. 1:20cr196 (AJT), ECF No. 71 (not an umbrella motion for protective order, just

pertains to "certain documents"); *United States v. Viera-Gonzalez*, Case No. 1:16cr209 (LO), ECF No. 114, ¶ 2 ("the government has already began producing redacted discovery"). This proposed protective order does not request protection for just a limited class of documents, but pertains to all discovery; it is far more sweeping than what Rule 16(d)(1) allows. And the government apparently seeks protection under this order for even redacted documents. *See* Gov't Motion at 4, n.1. Such protection under Rule 16 should only apply when good cause demonstrating specific harm is presented to the Court. *See Padilla-Galarza*, 990 F.3d at 77.

Mr. Villatoro joins with other defendants in the request to allow the retention of the protected materials until such time as the habeas proceedings and appeals under 28 U.S.C. §2255 have concluded, rather than requiring the return of materials 30 days after the final appeal. *See* ECF No. 127, Defendant Arevalo's Response in Opposition. The failure to allow access of these materials to habeas counsel could severely prejudice Mr. Villatoro's efforts for post-conviction relief, especially considering the narrow time window for the filing of a habeas petition and the significant volume of materials that are apparently involved in this case.

Mr. Villatoro submits that the government has failed to demonstrate good cause for the entry of its sweeping protective order, asks that the request for the order be denied, and that the Rule 16 discovery be forthwith provided to Mr. Villatoro. In the alternative, he asks that the government be required to identify any non-secure materials to be removed from the protection of the order within a reasonable period of time.

Respectfully submitted,
**Carlos Jose Turcios Villatoro**

By:      _____/s/_____
Robert J. Wagner
Va. Bar No. 27493
Robert J. Wagner, PLC
Counsel for Defendant
101 Shockoe Slip, Suite J
Richmond, VA 23219
(804) 814-8172
robwagnerlaw@gmail.com

Elizabeth L. Van Pelt
Va. Bar No. 82750
Delaware Bar No. 6117
District of Columbia Bar No. 1615865
libbey@libbeyvanpeltlaw.com
LIBBEY VAN PELT LAW, PLLC
3033 Wilson Boulevard, Suite 307
Arlington, VA 22201
(571) 356-9096

## CERTIFICATE OF SERVICE

I, Robert J. Wagner, Esq., hereby certify that on February 28, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record. A Notice of Electronic Filing will be served on:

John C. Blanchard
Assistant United States Attorney
Rachel M. Roberts
Special Assistant United States Attorney
Matthew K. Hoff
Department of Justice Trial Attorney
U.S. Attorney's Office
2100 Jamieson Avenue
Alexandria, Virginia 22314
Phone: (703) 299-3700
Fax: (703) 837-8242
John.blanchard@usdoj.gov
Rachel.roberts1@usdoj.gov
Matthew.hoff2@usdoj.gov


  /s/ Robert J. Wagner